This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38427**

**THEO LIVINGSTON,**

　　Plaintiff/Petitioner-Appellant,

v.

**BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF OTERO; PAMELA HELTNER, Otero County Manager; and SHARON SCOTT, Otero County Human Resources Manager,**

　　Defendants/Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Manuel I. Arrieta, District Court Judge**

Steven K. Sanders & Associates, LLC
Steven K. Sanders
Albuquerque, NM

for Appellant

Esquivel & Howington, LLC
Martin R. Esquivel
Katherine A. Howington
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** This appeal arises from the former Sheriff of Otero County's attempt to promote Plaintiff Theo Livingston to a newly-created position within the Otero County Sheriff's

Department. The Otero County Manager denied the promotion because House had not posted the job in accordance with the County's personnel policy. The Sheriff and Livingston filed suit, seeking a writ of mandamus, declaratory relief, and damages. The district court granted summary judgment for the County. Livingston appeals, and we affirm.

## BACKGROUND

{2}    On appeal, neither party contests the following undisputed facts relied on by the district court in its order granting summary judgment. In 2018, then-Sheriff Benny House approached the Otero County Board of Commissioners about including a new captain position in the next fiscal year's budget, starting on July 1, 2018. At a Board meeting on April 12, 2018, the Board voted unanimously to approve and "post a position with the Sheriff's Office with the assistance of Human Resources and a hiring panel to follow the personnel policy." On June 24, 2018, House sent a letter to the County Manager, informing her that he had decided to promote Livingston, then a corporal, to the position. In this letter, House stated that the promotion was within the power entrusted to him in accordance with the policies and procedures set forth in the Otero County Personnel Handbook (Personnel Policy). House also submitted a personnel action form to the County Manager for her approval of Livingston's employment status change. The County Manager marked "Refused" on the personnel action form and sent a memo to House, alleging that his promotion of Livingston violated multiple provisions of the Personnel Policy. On July 12, 2018, the Board voted to rescind the position.

{3}    House and Livingston jointly filed suit against the Board, the County Manager, and the County Human Resources Manager. House requested a writ of mandamus to compel Defendants to promote Livingston; Livingston requested back-pay and retirement benefits from the County's alleged breach of contract, and both House and Livingston requested a declaratory judgment that the County violated the Personnel Policy. Following discovery, both sides moved for summary judgement.

{4}    In its order granting summary judgment for Defendants, the district court determined House was required to "announce and post the position so that current employees could apply" by the Personnel Policy but had failed to do so. The court also concluded that even if House was not required to post the position, he had otherwise "failed to coordinate the promotion with Country Manager as required." Livingston timely appealed to this Court.

## DISCUSSION

{5}    As an initial matter, because Livingston did not join in the request for a writ of mandamus below and the Sheriff is not a party to this appeal, we limit our discussion to Plaintiff's claims for declaratory judgment and breach of contract. Plaintiff argues that he is entitled to the promotion because House complied with the Personnel Policy and the County did not. At the heart of this dispute are the following sections of the Personnel Policy:

SECTION II–RECRUITMENT AND SELECTION

## 2.1    PURPOSE

It is the policy of Otero County to select and recruit the best suited persons for all regular classified positions in an open and competitive manner, to insure no discrimination and to insure equal employment opportunity for all applicants and employees. This section applies only to regular classified employees, except as specifically stated for temporary employees.

## 2.2    RECRUITMENT OF APPLICANTS

When a classified position becomes open the Elected Official or Department Head, in coordination with the County Manager, may promote a qualified employee in the subject department to fill the vacant position. If there is no qualified employee within the subject department then, at the discretion of the Elected Official or Department Head, the position may be advertised internally for five days or opened to the public. The department head and/or Elected Official shall document in writing to Human Resources the reasons why each step in the recruitment process is deemed to appropriate for the particular position.

. . . .

SECTION IV–CHANGES IN EMPLOYMENT STATUS

## 4.1    PROMOTION

Otero County encourages the professional growth of its employees and rewards the initiative, creativity, effort, commitment, and diligence of its employees through the promotional process. County employees are encouraged to take advantage of promotional opportunities and to apply for higher paying positions for which they qualify. Any employee whose job performance reflects an ability to do his or her present job in an exceptional manner and to handle more difficult assignments or greater responsibility may be considered eligible for promotion to available positions in a higher classified level.

When a position within Otero County becomes available, the following steps will be taken to ensure that current employees are considered for the vacant position:

> An announcement describing the position and noting the grade level will be posted in each department or office. In most cases, an announcement will be posted for a minimum of five workdays.

Any employee possessing the minimum stated qualifications may apply for the position. This must be done prior to the closing date indicated on the announcement.

The district court concluded that Subsection 4.1 of the Personnel Policy was controlling under the circumstances and required the Sheriff to post for the position. The court concluded that the Sheriff had failed to do so. The Court also determined that even if Subsection 2.2 of the Personnel Policy were applicable, Plaintiff had not shown that the Sheriff "coordinated" with the County Manager as required in that Subsection. Thus, regardless of which portion of the Personnel Policy was controlling, the district court determined the Sheriff had not complied with the requirements of either as a matter of law.

**{6}** On appeal, Plaintiff dedicates a significant portion of his briefing to the issue of whether Subsection 4.1 or Subsection 2.2 of the Personnel Policy is controlling, and urges us to conclude that Subsection 2.2 should prevail. For purposes of this appeal, even if we were to conclude that Subsection 2.2 applies, Plaintiff has nevertheless failed to persuade us of error.

**{7}** Subsection 2.2 states that the Sheriff, "*in coordination with the County Manager*, may promote a qualified employee in the subject department to fill the vacant position." Plaintiff argues that "coordination simply means filling out the proper paperwork for the promotion and documenting the reasons for the promotion as stated in Subsection 2.2." He contends the Sheriff satisfied the coordination requirement by "sending [the County Manager] the appointment paperwork certifying that there were funds available for the position." The district court rejected that argument, reasoning that "[w]hile Plaintiff may be correct that 'coordination' with the County Manager may not mean that the County Manager must approve or consent to the selection, it does mean something more than simple consultation." The district court defined coordination as "some measure of cooperation," "to work together effectively," and "to bring into a common action . . . a result that is harmonious." The court determined that House had failed to coordinate when he "took it upon himself to unilaterally promote Livingston and simply informed the County Manager of his decision."

**{8}** On appeal, Plaintiff renews the same argument, asserting that the coordination requirement in Subsection 2.2 "simply means filling out the proper paperwork for the promotion and documenting the reasons for the promotion." However, beyond citing to a number of online dictionary definitions of the term "coordination"—none of which contradict the district court's interpretation of the term—Plaintiff has failed to develop an argument demonstrating error in the district court's interpretation or application of the term. *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{9}** Applying the definition offered by both Plaintiff and the district court, we perceive no error in the district court's determination that the Sheriff's unilateral decision to promote Plaintiff and tender of the personnel action form to the County Manager did not

amount to coordination. Plaintiff also does not point to any facts in the record that might refute the district court's ruling that House merely "informed the County Manger of his decision." Because there is no evidence tending to show that the Sheriff made some other effort to coordinate as required by Subsection 2.2 to effectuate the promotion, Plaintiff has not shown that the district court erred in granting summary judgment on his claims.

**{10}** Finally, to the extent Plaintiff suggests that the coordination requirement is tantamount to granting the County Manager veto power, we reject this argument for the simple reason that Plaintiff has not shown that the Sheriff attempted to coordinate with the County Manager in the first place. We are faced here with a Sheriff's failure to comply with the requirements of the Personnel Policy, not a County Manager's override of the Sheriff's otherwise compliant attempt to promote a qualified employee.

**CONCLUSION**

**{11}** For the above and foregoing reasons, we affirm.

**{12}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**